### KAUFER CO. v. LUCKENBACH S. S. CO. Inc.

(District Court, W. D. Washington, N. D.   October 21, 1922.)

### No. 6864.

1. **Shipping &⟹132(3)—Burden on carrier to prove that damage was caused by excepted peril.**

   Where a cargo was shipped in good order and was damaged in transit, the burden was on carrier to show that the damage was caused by an excepted peril.

2. **Shipping &⟹140—Defense of loss caused by excepted peril available only where vessel seaworthy.**

   Both under primer admiralty law and the Harter Act (Comp. St. §§ 8029–8035), carrier must show that vessel was seaworthy before the defense that the damage was caused by peril excepted by the bill of lading is available.

Libel in admiralty by the Kaufer Company against the Luckenbach Steamship Company, Inc.   Decree for libelant.

Boyle & Boyle, of Tacoma, Wash., for libelant.

Bronson, Robinson & Jones, of Seattle, Wash., for respondent.

NETERER, District Judge.   Libelant seeks to recover the value of and transportation charges paid for a consignment of candles from Brooklyn, N. Y. to Seattle, Wash.   It alleges delivery in good condition, the payment of the transportation charges, and the damages or the destruction of the consignment en route by reason of melting and running together.   The respondent admits the consignment, the payment of the transportation charges, and affirmatively alleges:

"That, if in fact the said damage occurred when in the respondent's possession, it was because they were not able to bear the ordinary heat of the voyage, *and in any event the shipper stipulated with said respondent in said contract made a part hereof as Exhibit A that the respondent should not be held liable for heat damages.*"

Libelant excepted to the underscored portion for the reason that it does not state a defense.

[1] Where a cargo is shipped in good order and is damaged in transit, the damage is presumably attributable to the fault of the carrier, and the burden is cast upon the carrier to show that the damage is an excepted peril.   The Glenlochy (D. C.) 226 Fed. 971.   The Supreme Court, in Clark v. Barnwell, 53 U. S. (12 How.) 272 (13 L. Ed. 985), said in effect that after the damage to the goods is shown the burden lies upon the respondent that it was occasioned by one of the

perils which were exempted in the bill of lading, and then states at page 280 of 12 How.:

"At this stage and posture of the case, the burden is on the plaintiff to establish the negligence, if the affirmative lies upon him."

[2] It is primer admiralty law that before the exemption is available to the respondent it must be shown that the vessel was in all respects seaworthy. The Supreme Court in Int. Nav. Co. v. Farr & Bailey Mfg. Co., 181 U. S. 218, at page 223, 21 Sup. Ct. 591, at page 592 (45 L. Ed. 830), says, quoting from The Silvia, 171 U. S. 462, 19 Sup. Ct. 7, 43 L. Ed. 241:

"The test of seaworthiness is whether the vessel is reasonably fit to carry the cargo which she has undertaken to transport."

And under the Harter Act (Comp. St. §§ 8029–8035), in the absence of special warranty, reasonable diligence to properly equip, man, and outfit a vessel and to make the vessel seaworthy and capable of performing her intended voyage, make operative the exemption clause, and in The Southwark, 191 U. S. 1, 24 Sup. Ct. 1, 48 L. Ed. 65, the Supreme Court held that the burden of proof as to the seaworthiness of the vessel at the time of sailing is on the owner, and, this burden being on the vessel, the seaworthiness must be alleged.

The answer is barren of any allegation as to the seaworthiness of the ship. In the absence of such allegation, the exemption clause that the respondent should not be held liable for "heat damages" is immaterial. If the vessel was seaworthy, the exemption is available, and the burden is then on the shipper to show negligence notwithstanding seaworthiness.